IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br>      *Plaintiff*, ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF VETERANS' ) <br>  AFFAIRS ) <br> 810 Vermont Avenue NW ) <br> Washington, DC  20420, ) <br> ) <br>      *Defendant*. ) <br>                                              ) | Civil Action No. |

## **COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Veterans' Affairs to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## **PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Veterans' Affairs is an agency of the United States Government headquartered at 810 Vermont Avenue NW, Washington, DC  20420.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 6, 2017, Plaintiff submitted a FOIA request to the U.S. Department of Veterans' Affairs Greater Los Angeles Healthcare System ("VAGLAHS"), a component of Defendant, seeking access to the following records:

> 1. Any and all records of communications between VAGLAHS and the 501(c)(3) non-profit corporation known as "Vets Advocacy, Inc." concerning or relating to implementation of the "Principles for a Partnership and Framework for Settlement" entered by and between the U.S. Dep't of Veterans Affairs and representatives of the plaintiffs in *Valentini v. McDonald*, Case No. 2:11-cv-04846-SJO-MRW (C.D. Calif.) on or about January 28, 2015.  A copy of the settlement agreement is included herewith for your convenience.
>
> 2. Any and all records concerning or relating to Vets Advocacy, Inc.'s work regarding VAGLAHS or homeless veterans, including but not limited to any actions, activities, or advocacy, by Vets Advocacy, Inc. to (i) improve or revitalize the VAGLAHS campus; (ii) address homelessness in Los Angeles' veterans community; or (iii) improve the well-being of veterans generally.
>
> 3. Any and all records concerning or relating to work performed by Vets Advocacy, Inc. consultant Jonathan E. Sherin, M.D., Ph.D.

The time frame of the request was identified as "January 1, 2016 to the present."

6. By letter dated April 7, 2017, Defendant acknowledged receipt of Plaintiff's request on April 6, 2017, and advised Plaintiff that the request had been assigned FOIA Request No. 17-07498-F.

7. By letter dated May 5, 2017, Defendant advised Plaintiff that it was amending and extending its "response time to [Plaintiff's] April 6, 2017, request." The letter did not state whether Defendant was invoking the 10-day extension of time allowed by law and did not provide a "date on which a determination is expected to be dispatched." 5 U.S.C. Section 552(a)(6)(B)(i).

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within the applicable time limit provisions of 5 U.S.C. § 552(a)(6). At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any

withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013). Even allowing for a 10-day extension, Defendant was required to issue its determination or on or about May 18, 2017.

12. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 24, 2017                                                            Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*